IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HAROLD HEMPSTEAD,

    Plaintiff,

vs.                                  CASE NO. 4:07cv513-RH/AK

CLASSIFICATION SUPERVISOR
NEWSOME, et al,

    Defendants.

_____/

## ORDER

Plaintiff, an inmate proceeding *pro se*, has filed a third amended complaint. (Doc. 27). Plaintiff has also two additional motions for emergency injunctive relief (docs. 22 and 30). Having considered said pleading and motions, the Court is of the opinion that Plaintiff must file another complaint if he wishes to have it served and that the emergency motions for injunctive relief should be deemed moot.

Plaintiff's emergency motions (docs. 22 and 30) are moot because Plaintiff names no specific persons in one motion (doc. 22), and the injunctive relief sought in the other motion (doc. 30) could only be awarded by persons who are not named *as defendants* in the third amended complaint and are therefore not parties to the present lawsuit (McCord, Nickelson, Elmo, Likenson, Craig, Parker and Brandon). Plaintiff's original motion for injunctive relief (doc. 7) will be reviewed again and served with the fourth amended complaint if Plaintiff files a pleading that is specific enough to be

served on the defendants and the motion for injunctive relief is sufficiently related to the claims and defendants named in the fourth amended complaint to be served with it.

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). This court must have jurisdiction over a party to adjudicate a claim.

The Court notes that this motion was not properly filed in this case because the Defendants in this action are not the persons referenced in this motion and cannot provide the relief requested by Plaintiff. Therefore, the parties identified in the motion would not be bound by a temporary restraining order issued by this Court. If Plaintiff intends to pursue the alleged rights violations that he references in his motion (doc. 30), he must file a separate action on the appropriate forms, accompanied by the $350 filing fee or an application to proceed *in forma pauperis*. This action will be the quickest avenue to obtaining the relief he seeks in his motion.

Next, the Court has again reviewed the lengthy third amended complaint and finds yet again that Plaintiff has failed to follow court direction and the third amended complaint cannot be served. As Plaintiff was advised previously, the Defendants must

be able to respond to the factual assertions against them. (Doc. 23). Plaintiff has grouped numbers of defendants and asserted general claims against them without providing any specific dates or acts to which they could respond. (See, e.g. pp. 17, 18, and 20). The Court has expended considerable effort on Plaintiff's behalf, taking seriously the allegations made by him that his life was in jeopardy, but his failure to be specific and prompt in complying with the Court's efforts is hampering his case and undermining his credibility with the Court. It should not be difficult for Plaintiff to state simply, for example, that he told Defendant A on X date that he needed to be placed in protective custody because of X, Y, and Z, and Defendant A did X, Y, or Z, which resulted in X, Y or Z.[1] Likewise with his retaliation claim.[2]

---

[1]. To show a violation of an inmate's Eighth Amendment right to be protected, a Plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Each element must be proven. Purcell ex rel Estate of Morgan v. Toombs County, 400 F.3d 1313 (11th Cir. 2005); Hale, supra at 1582; LaMarca v. Turner, 995 F.2d 1526, 1537 (11 Cir. 1993). The mere knowledge of a dangerous condition does not establish deliberate indifference, the plaintiff must demonstrate that with knowledge of the dangers, the defendants knowingly or reckless declined to take actions that would have improved the conditions. LaMarca, supra, at 1537.

[2] To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). The Eleventh Circuit has adopted an objective test as the standard for determining whether there has been an adverse affect. Id., at 1251. Under this analysis "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." Id., at 1250, quoting Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474 (4th Cir. 2005). This test is applicable to prisoners' claims of retaliation as well. Bennett, supra at 1253, n.6.

Neither the Court nor the Defendants should have to guess at what is being alleged or to comb through the pleadings to ascertain what number refers to which defendant. Plaintiff has been admonished to be concise, to eliminate references to incidents and persons not relevant to the claims he makes in this lawsuit and to state specifically by date or act the factual allegations that support his claims against each defendant. He shall do this by naming each defendant followed by the facts he alleges support each claim against them, and he shall do this without reference to previous paragraphs or pleadings. **He shall do this in ten pages or less**.

**Plaintiff will be given one more chance to file a fourth amended complaint as directed herein or it will be recommended that this cause be dismissed for failure to state a claim**.

Accordingly, it is hereby

**ORDERED:**

1. The Clerk shall mail to Plaintiff a civil rights complaint form, which he shall complete as directed above and file as a fourth amended complaint on or before **July 18, 2008.**

2. Plaintiff's Emergency Motions for temporary restraining order and/or injunctive relief (docs. 22 and 30) are deemed **MOOT** because they either name no specific persons from whom injunctive relief could be awarded or they name persons not parties to this lawsuit.

**DONE AND ORDERED** this _____ day of July, 2008.

Case No. 4:07cv513-RH/AK

_____
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE