IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


HAROLD HEMPSTEAD,

    Plaintiff,

vs.                                    CASE NO. 4:07CV513-RH/AK

JOHN MCALPIN, et al,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff filed this cause of action on December 4, 2007, making serious and disturbing allegations of physical and sexual assault, retaliation, and failure to protect. (Doc. 1). The Court wrote to the Inspector General to alert that office to these allegations and to seek immediate assistance for this inmate. General Counsel for the Florida Department of Corrections responded to assure the Court that Plaintiff's allegations were being investigated and all possible protective measures were being taken to insure his safety. Meanwhile, the Court has worked diligently with the Plaintiff through numerous orders to obtain a complaint from him that states claims clearly and concisely so that service upon the named defendants could be accomplished expeditiously and each named defendant could frame an appropriate response. (See Docs. 16, 23, 32 and 42).

After all these efforts and ten months later, Plaintiff's current pleading (the Fourth Amended Complaint, doc. 43), is **still** too vague and non-specific to be served on **most** of the defendants, he has still failed to provide key facts, he continues to group defendants by claim and refer to them in the text by number instead of name, and despite being given explicit instructions and a page limit, he filed 18 pages instead of ten, and included pages of unrelated events and irrelevant facts.

For example, despite the Court's instructions to name each defendant and recite specific facts supporting his claims against each defendant, these are the relevant facts recited to support his primary claim that he was denied protective custody by prison officials throughout the prison system after numerous attacks by other inmates:

> "That in November 2004, the Plaintiff, was transferred to Washington CI (Was.C.I). While at Was.C.I., the Plaintiff requested P.M. 1 time from Defendants 1-3 and 2 times from Defendants 2-4 for the following reasons and was denied such all 3 times." (Doc. 43, p. 9). [the following reasons are past incidents with other inmates and his past work with law enforcement]

To support his retaliation claim he states:

> "Retaliatory action over the Plaintiff's P.M. requests and extensive grievance filings were taken and the Plaintiff was set up with a serious disciplinary report (D.R.) and placed on C.M. 3 as a direct result of the foregoing." (Doc. 43, p. 10). [the foregoing is a recitation of past incidents with other inmates].

And to support a claim of excessive force not included in his original complaint, but for which he claims to have suffered serious injury, he provides the following facts:

> "Defendants 7-9 physically assaulted the Plaintiff. They pushed, threw, punched, slammed, and kicked the Plaintiff." (Doc. 43, p.11).
> "Defendants 5 and 6 made verbal threats to set the Plaintiff up with false D.R.'s, put him on management loaf, take his mail and phone privileges falsely, gass [sic] him, put somebody in his cell to assault him, and put somebody in his cell to kill him." (Doc. 43, p. 12).

The lack of detail and specificity would prevent any of these Defendants from responding to the claims asserted against them, and Plaintiff has been given four opportunities to state the facts supporting his claims.[1]  He has also been provided the relevant law pertaining to these claims to assist him in discerning the relevant facts. (See Doc. 32).

The only claims stated with any degree of specificity are Plaintiff's claim against Sgt. Ruddy for taking $900.00 from him on May 19, 2007 (doc. 43, p. 12); his claim against Defendants Johnathan Cook and Sgt. Craig for assaulting him on April 21, 2008 (doc. 43, p. 13); and his claim against Defendants Johnathan Cook and Assistant Warden Brandon for putting Josa Maquira in his cell in May 2008, to convince him to dismiss the present lawsuit by raping and assaulting him numerous times.  (Doc. 43, p. 13).

Of these three claims, the claim against Defendant Ruddy for conversion of property is not cognizable under 42 U.S.C. §1983 as a civil rights violation .  The Supreme Court has unequivocally held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517,

---

[1] By separate order the Court is denying Plaintiff's motion for reconsideration and leave to file another Fourth Amended Complaint (which would actually be a fifth complaint) because the proposed amended complaint does not add to the clarity of the claims and adds sixteen more defendants.  (Docs. 46 and 47).  Although Plaintiff claims that he cannot state his case within the page limits set by the Court, (doc. 42), he still fails to adequately state claims in the 35 pages he proposes to file.  It was anticipated that a page limit would force Plaintiff to be concise and include only the most relevant facts so that the complaint could be served and a response made quickly given the urgency of Plaintiff's original claims.

533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984).  The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property.  Fla. Stat. § 768.28(1).  Since there is a meaningful state court action available to Plaintiff for loss of his property, no constitutional issue remains to be resolved in this court.  Thus, this claim should be dismissed.

The claims against Defendants Cook, Craig and Brandon concerning excessive force and retaliation contain sufficient facts for them to respond, and if this Report and Recommendation is adopted, it is further recommended that the case be remanded to the undersigned for service of the Fourth Amended Complaint upon these defendants as to these two claims only.  Given the difficulties in obtaining a proper pleading from the Plaintiff, it would not likely be expeditious or an efficient use of Court time to request a Fifth Amended complaint narrowed to these two claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that all of the claims against all of the defendants, with the exception of the excessive force claim against Defendants Cook and Craig, and the retaliation claim against Defendants Cook and Brandon, should be dismissed for failure to state a claim for relief, and that this cause be remanded to the undersigned for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this  **9th** day of October, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**