IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HAROLD HEMPSTEAD,

    Plaintiff,

v.                                          CASE NO. 4:07cv513-RH/AK

JOHN McALPIN, et al.,

    Defendants.

_____/

## ORDER OF REMAND TO MAGISTRATE JUDGE

This prisoner civil rights case is before the court on the magistrate judge's report and recommendation (document 48), the objections (document 53), and the plaintiff's motion for leave to file supplemental objections (document 55). I have reviewed de novo the issues raised by the objections. The report and recommendation concludes that the fourth amended complaint fails to state a claim except in specific respects.

In the fourth amended complaint, the plaintiff alleges than an officer—the defendant T. Ruddy—deprived him of personal property. The report and recommendation correctly concludes that this allegation fails to state a federal

claim on which relief can be granted.  Any state-law claim on this basis against Mr. Ruddy would not properly be joined in this lawsuit.

The plaintiff alleges that three other officers—the defendants Johnathan Cook, Craig, and Brandon—used excessive force and retaliated against him.  The report and recommendation correctly concludes that these allegations do state a claim and thus may go forward.

Finally, the plaintiff alleges that he was a confidential informant for law enforcement officers for an extended period prior to his incarceration.  He says that because of that background, he has suffered threats and attacks from other inmates during most of his time in the Florida Department of Corrections.  He says that after he came to his current institution, he asked specific officers for placement in protective management, but they refused.  The plaintiff says he was beaten and raped more than once as a result.

The report and recommendation concludes these allegations are not sufficient to state a claim because they are not specific enough.  The report and recommendation concludes that leave to amend these claims further should not be granted.

The magistrate judge's hesitance to grant further leave to amend is readily understandable.  First, some of the plaintiff's allegations are farfetched.  Second,

the plaintiff's allegations are difficult to parse.  The fourth amended complaint is written in small and faint capital letters and dense blocks of undifferentiated text—it is hard just to read it.  Instead of simply saying what happened, the fourth amended complaint is full of meaningless generalities and conclusions.  Instead of using officers' names, the plaintiff has used a code—assigning officers numbers at the beginning of the complaint and referring to them by number in the text—even though the magistrate judge specifically instructed the plaintiff not to do this.  If the plaintiff were trying to make the pleading unintelligible, he could not do much more.

Nonetheless, I conclude that the plaintiff should be given another chance to state a claim along these lines.  The governing law is set forth in *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  The allegations on this subject should (1) identify by name each defendant officer, (2) state how the officer knew that the plaintiff faced a substantial risk of assault, (3) identify by name or category the fellow inmates from whom the plaintiff faced the risk, (4) state what the officer did or did not do about the risk, and (5) state what happened as a result.  The print should be larger, not in all capitals, and legible.  Generalities and conclusions should be omitted.  The plaintiff should use short sentences to say what happened.  Specific dates are not necessary, but the plaintiff

should put the allegations in a time frame to the best of his ability.  The time for playing hide the ball is over.

While I will not impose a specific page limit on a fifth amended complaint, the plaintiff may wish to consider this:  it seems likely that adequate allegations on this subject could be set forth in two pages, and it seems equally likely that ten pages on this subject will obscure, rather than clarify, the plaintiff's claims.  More words do not mean a better chance of success.

For these reasons,

IT IS ORDERED:

1.  The plaintiff's motion (document 55) to supplement his objections to the report and recommendation is GRANTED.

2.  The report and recommendation (document 48) is ACCEPTED IN PART.

3.  The plaintiff's claim against the defendant T. Ruddy for deprivation of personal property is dismissed.  The dismissal is with prejudice to the extent the claim is based on federal law and without prejudice to the extent the claim is based on state law.  I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

4.  The plaintiff is granted leave to file a fifth amended complaint by January

12, 2009.  The clerk must send the plaintiff a blank civil rights complaint form.  If the plaintiff chooses to file a fifth amended complaint, it must set forth all of his claims, without reference to earlier complaints.  The plaintiff must omit, however, his claim against the defendant T. Ruddy for deprivation of personal property; that claim has been dismissed.

     5.  This case is remanded to the magistrate judge for further proceedings consistent with this order.

     SO ORDERED on November 28, 2008.

                                          s/Robert L. Hinkle
                                          Chief United States District Judge