IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HAROLD HEMPSTEAD,

    Plaintiff,

v.                                                CASE NO. 4:07cv513-RH/GRJ

CHARLES HALLEY et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

    This case is before the court on the magistrate judge's report and recommendation, ECF No. 221, and the objections, ECF No. 222, as well the plaintiff's proffered supplemental summary-judgment materials, ECF No. 223. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and will be adopted as the court's opinion, with this additional note.

    As accurately noted in the report and recommendation, a prisoner can recover against a prison official who is deliberately indifferent to the risk that the prisoner will suffer harm at the hands of others. This record shows that the defendant prison officials were not deliberately indifferent to the plaintiff's claims that he was at risk. Instead, the defendants investigated the plaintiff's claims, and

nothing in the record suggests that they did anything other than exercise their best professional judgment based on the available information.  If the plaintiff was assaulted—and for summary-judgment purposes I accept the claim that he was—he is still not entitled to recover against the defendants, because there is no evidence they participated in or were deliberately indifferent to the risk of such an assault.

IT IS ORDERED:

1. The report and recommendation is ACCEPTED and adopted as the court's opinion.

2. The defendants' motion for summary judgment, ECF No. 199, is GRANTED.

3. The plaintiff's motion for summary judgment, ECF No. 216, is DENIED.

4. The clerk must enter judgment stating, "The plaintiff's claims based on events that occurred—or allegedly occurred—after this case was filed are dismissed without prejudice for failing to exhaust administrative remedies.  The plaintiff's claims based on events that occurred—or allegedly occurred—before this case was filed are dismissed with prejudice."

5. The clerk must close the file.

SO ORDERED on September 17, 2011.

                                          Robert L. Hinkle
                                          United States District Judge

*Case No: 4:07cv513-RH/GRJ*